**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 18-4732

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

THOMAS KEVIN JENKINS, a/k/a T-Bone, a/k/a Skinny,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Theodore D. Chuang, District Judge.  (8:15-cr-00492-TDC-1)

Submitted:  September 25, 2019                    Decided:  December 10, 2019

Before NIEMEYER, KEENAN, and RICHARDSON, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Gary E. Proctor, LAW OFFICES OF GARY E. PROCTOR, LLC, Baltimore, Maryland, for Appellant.  Robert K. Hur, United States Attorney, Baltimore, Maryland, Joseph R. Baldwin, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A federal grand jury indicted Thomas Kevin Jenkins for possession of firearms and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2012). After Jenkins underwent an extensive psychological examination, the district court concluded that he is incompetent to stand trial and ordered an additional evaluation to determine whether there is a substantial probability that he could be restored to competency in the foreseeable future. Thereafter, the Government moved for an order authorizing the involuntary administration of antipsychotic medication, and the district court held a hearing pursuant to *Sell v. United States*, 539 U.S. 166 (2003). The court concluded that the Government established each of the four *Sell* factors by clear and convincing evidence and ordered the involuntary administration of antipsychotic medication to restore Jenkins' competency. The court stayed the order pending this interlocutory appeal. We affirm.

I.

In *Sell*, the Supreme Court held that involuntary administration of antipsychotic medication for the sole purpose of restoring a mentally ill defendant to competency is appropriate only if the court finds that: (1) "*important* governmental interests are at stake"; (2) "involuntary medication will *significantly further* those concomitant state interests"; (3) "involuntary medication is *necessary* to further those interests"; and (4) "administration of the drugs is *medically appropriate*." *Id.* at 180-81.

We have recognized that "the forcible administration of antipsychotic medication constitutes a deprivation of liberty in the most literal and fundamental sense." *United States v. Watson*, 793 F.3d 416, 419 (4th Cir. 2015) (internal quotation marks omitted).

2

Accordingly, we have cautioned that the forcible administration of antipsychotic medication "for the sole purpose of rendering [a defendant] competent to stand trial . . . is the exception, not the rule" and that "courts must be vigilant to ensure that such orders, which carry an unsavory pedigree, do not become routine." *Id.* (internal quotation marks omitted). To that end, "we have set a deliberately high standard for the government to satisfy before it may forcibly medicate solely to render an inmate competent to stand trial": the government must establish each of the *Sell* factors by clear and convincing evidence. *Id.* at 420. Under this standard, the government must put forth "evidence of such weight that it produces in the mind of the trier of fact a firm belief or conviction, without hesitancy, as to the truth of the allegations sought to be established, or evidence that proves the facts at issue to be highly probable." *Id.* (internal quotation marks omitted).

## II.

Jenkins challenges the district court's conclusion that the Government established the first *Sell* factor by clear and convincing evidence. He argues that there are special circumstances that outweigh the Government's important interest in prosecuting him for his serious crime.

"To render a defendant competent to stand trial through involuntary medication, the government must have an important interest in trying the defendant." *United States v. Evans*, 404 F.3d 227, 236 (4th Cir. 2005) (internal quotation marks omitted). An "interest is important if the defendant is both charged with a serious crime and special circumstances do not undermine the government's interest in trying him for that crime." *Id.* (alteration and internal quotation marks omitted). "While the ultimate burden of proving an important

3

interest in prosecution always remains with the [g]overnment, we look to the defendant to demonstrate that the special circumstances of his case undermine the [g]overnment's interest once it is established that he stands accused of a serious crime." *United States v. Mikulich*, 732 F.3d 692, 699 (6th Cir. 2013).

We review a "district court's determination that the government's interest is important" de novo but "review any factual findings relevant to this legal determination for clear error." *Evans*, 404 F.3d at 236 (internal quotation marks omitted). "Clear error is demonstrated when the reviewing court, considering all of the evidence, is left with the definite and firm conviction that a mistake has been committed." *United States v. Foster*, 824 F.3d 84, 90 (4th Cir. 2016) (alteration and internal quotation marks omitted). "We are, however, charged with ensuring that the district court actually makes the necessary findings, and that it makes them pursuant to the proper legal standard—that it asks and answers the right questions—in light of the record as a whole." *Watson*, 793 F.3d at 423. "And in this highly sensitive context, governed by the exacting clear and convincing standard, it is especially important that a district court consider and contend with substantial evidence that would undermine the case for forcible medication, and that it ensure that the government's burden actually has been met." *Id.* at 424.

We conclude that the district court correctly determined that the Government proved by clear and convincing evidence that it has an important interest in prosecuting Jenkins for his serious crime that was not undermined by the length of his pretrial detention, the nature of the offense, or the potential for civil commitment.

## III.

Jenkins also challenges the court's conclusion that the Government established the second *Sell* factor by clear and convincing evidence. He argues that the proposed treatment plan is not sufficiently individualized.

We have held that the clear and convincing standard for the second *Sell* factor requires the government to "demonstrate that the proposed treatment plan, *as applied to this particular defendant*, is substantially likely to render the defendant competent to stand trial" and substantially unlikely to produce side effects that will interfere with his ability to assist counsel. *Id.* (alteration and internal quotation marks omitted); *see id.* at 427. "Merely showing a proposed treatment to be generally effective against the defendant's medical condition is insufficient to meet this burden." *Id.* at 424 (internal quotation marks omitted). "Instead, the government must relate the proposed treatment plan to the individual defendant's particular medical condition, which requires consideration of factors specific to the defendant in question, including not only his medical condition, but also his age and the nature and duration of his delusions." *Id.* (citation and internal quotation marks omitted). We review the district court's findings on the second *Sell* factor for clear error. *Id.* at 423.

We conclude that the district court did not clearly err in finding that the Government established by clear and convincing evidence that the involuntary administration of antipsychotic medication is substantially likely to restore Jenkins' competency and substantially unlikely to produce side effects that could interfere with his ability to assist counsel. The court understood the relevant legal standard, considered arguments weighing

5

against involuntary medication, and did not reach a conclusion against the clear weight of the evidence.

## IV.

We affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*